IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


SUN LIFE ASSURANCE COMPANY )
OF CANADA (U.S.), )
 )
      Plaintiff, )
 )
v. ) No. 3:12-CV-27
 ) Phillips
LYNNE A. NICHOLS, )
STRUCTURED RECEIVABLES FINANCE )
#4, LLC, and SETTLEMENT FUNDING, LLC, )
 )
      Defendants. )


## MEMORANDUM OPINION

This action arises out of a dispute between defendants Structured Receivables Finance #4, LLC, Settlement Funding, LLC, and defendant Lynne A. Nichols over annuity payments due under an annuity contract. Settlement Funding claims that Nichols assigned her right to the payments at issue to Settlement Funding by signing two assignment agreements in 2010 and 2011. Nichols claims that she never signed any agreement. Plaintiff Sun Life Assurance Company of Canada is the issuer of the annuity contract and the holder of the payments at issue. Sun Life has filed the instant interpleader complaint in order to avoid potential multiple liability for the annuity payments.

## I. Factual Background

Plaintiff Sun Life Assurance Company of Canada is the issuer of Annuity Contract No. KA00479959-02A which provides for monthly payments of $1,030.12 commencing on September 15, 2004 through and including August 15, 2024. Defendant Lynne A. Nichols is the designated payee under the Annuity. Said payments were due Nichols by virtue of her purchase of the Annuity Contract and were not part of a structured settlement agreement and were not compensation for any personal injuries.

On October 8, 2010, Nichols and defendant Settlement Funding, LLC entered into an Assignment whereby Nichols agreed to sell to defendant Settlement Funding, LLC, a portion of her monthly payments, as follows: 155 monthly payments in the amount of $480.12 commencing on October 15, 2011 through and including August 15, 2024. The assignment price was $23,929.33, less allowable deductions. Nichols' signature to the assignment agreement was notarized by Benjamin R. Saul of Knox County, Tennessee. On December 28, 2010, Sun Life, Nichols and Settlement entered into a stipulation regarding the October purchase agreement. Under the terms and conditions of the stipulation, Nichols requested that Sun Life irrevocably change the beneficiary designation of the assigned payments to Structured Receivables and Sun Life agreed to irrevocably change the payee of the assigned payments to Structure Receivables. Nichols' signature on the stipulation was notarized by Mary Ann Knight of Knox County, Tennessee. On or about December 30, 2010, Settlement Funding wired $21,779.33 to Nichols' bank account in full and final satisfaction of the assignment agreement.

On January 28, 2011, Nichols and Settlement Funding entered into a second Assignment whereby Nichols agreed to sell to Settlement Funding the remaining portion of her monthly payments under the Annuity, as follows: 152 monthly payments each in the amount of $550.00 commencing on January 15, 2012 through and including August 15, 2024. The assignment price was $25,200.15 less allowable deductions. Nichols' signature to the assignment agreement was notarized by Misti Morgan of Knox County, Tennessee. On March 7, 2011, Nichols executed a stipulation requesting that Sun Life irrevocably change the beneficiary designation of the assigned payments to Structure Receivables. Nichols' signature was notarized by Audrey Larson of Knox County, Tennessee. On March 28, 2011, Settlement Funding wired $24,450.15 to Nichols' bank account in full and final satisfaction of the assignment agreement.

On November 9, 2011, Sun Life received a letter from Nichols advising Sun Life that she believed she was entitled to receive all of the payments due under the Annuity, and that she "did not sign anything stating that money should be going elsewhere." As a result of Nichols' letter, Sun Life suspended making payments under its annuity contract as of the November 15, 2011 payment. In light of the assignments, stipulations, and Nichols' letter to Sun Life, there exists a dispute regarding the proper recipient of the payments. Sun Life advised Settlement Funding and Nichols, in writing, of the dispute to the payments. Sun Life also advised defendants that until a resolution of the competing claims to the disputed claims was reached, Sun Life would suspend the payments as of November 15, 2011, and hold those payments until the matter was resolved. Settlement

Funding paid Nichols a total of $46,229.48 for her future annuity payments. The total sum of the assigned payments, which Settlement Funding purchased, but has not received is $157,842.48.

Sun Life filed the instant complaint for interpleader relief against defendants on January 20, 2012. Sun Life states that based on the potentially conflicting claims to the suspended payments and the future payments, Sun Life risks suffering multiple liability for said payments. Sun Life requests the court to direct and declare the respective rights of Settlement Funding and Nichols with respect to the payments at issue and direct and declare to whom the payments at issue should be made. Sun Life further requests that it be discharged from this litigation and any and all liability in connection with, arising out of, or relating to this action, the annuity payments previously made, and the payments at issue. Finally, Sun Life asks for its reasonable costs and attorneys' fees in bringing this interpleader action. Defendant Settlement Funding states that it attempted to reach a resolution of the claims by sending a letter to defendant Nichols on January 16, 2012, but Settlement Funding has received no communication of any sort from Nichols.

Defendant Nichols is a citizen and resident of the State of Tennessee, residing at 245 Crestwood Drive, Lenoir City, Tennessee. The record shows that a summons was issued to Nichols on January 23, 2012. From January 24, 2012 to March 7, 2012, Sun Life attempted to serve Nichols with the summons and complaint on multiple occasions and at various different addresses. On March 8, 2012, Sun Life moved for leave

-4-

Case 3:12-cv-00027-RLJ-CCS   Document 18   Filed 04/26/13   Page 4 of 11   PageID #: 169

to serve Nichols by publication pursuant to FRCP 4(e)(1) and Tenn. Code Ann. §§ 21-1-203 and 204. On March 12, 2012, the court granted Sun Life's motion for service by publication and ordered that publication be made for four consecutive weeks in the Knoxville Journal. The court further ordered that Nichols "must answer or otherwise respond to Sun Life's Complaint for Interpleader Relief within thirty days of the fourth weekly publication of this Notice, and if she does not answer or otherwise respond, default will be entered against her in this action." Sun Life published the notice to Nichols in the Knoxville Journal for the weeks of March 23, 2012, March 30, 2012, April 6, 2012, and April 13, 2012. The four week publication period concluded on April 19, 2012. Nichols was required to answer or otherwise respond to Sun Life's complaint within thirty days of the fourth weekly publication. Nichols has not answered or otherwise responded to Sun Life's complaint. An entry of default was entered against Nichols by the Clerk on July 13, 2012.

Pursuant to FRCP 12 and 55, Sun Life moves for an order granting the relief sought in its interpleader complaint. Sun Life submits that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. Defendants Settlement Funding and Structured Receivables have responded to Sun Life's motion for judgment on the pleadings stating that they are in basic agreement with Sun Life's motion and agree that Sun Life is entitled to interpleader relief. Defendants further state that they do not object to an award of reasonable attorneys' fees to Sun Life. Defendant Nichols has failed to respond to plaintiff's complaint for interpleader, as well as plaintiff's motion for

default judgment. Pursuant to LR 7.2, her failure to respond will be deemed a waiver of any opposition to the relief sought.

## II. Analysis

**A.      Interpleader Relief**

The Sixth Circuit describes the procedure where interpleader is sought as follows:

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*United States v. High Tech. Prods. Inc.,* 497 F.3d 637, 641 (6th Cir. 2007). The court finds that Sun Life has properly invoked interpleader in this action. First, the court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1335 insofar as the interpleader relief sought relates to an annuity issued by Sun Life providing payments in an amount greater than $500 and two adverse claimants of diverse citizenship are claiming to be entitled to the proceeds under the annuity. The payments at issue, 152 monthly payments, each in the amount of $1030.12 commencing on January 12, 2012 through and including August 15, 2024 and 3 monthly payments, each in the amount of $480.12 commending on October

-6-

15, 2011 through and including December 15, 2012, amount to over $158,000 at issue, well in excess of the $500 jurisdictional requirement. There is complete diversity among the claimants – Nichols is a citizen of the State of Tennessee, Structured Receivables and Settlement Funding are limited liability companies existing under the laws of the State of Delaware and Georgia, with principal places of business in Georgia and Florida, respectively.

Second, Sun Life has demonstrated the existence of adverse claimants by showing that Settlement Funding and Nichols each claim to be the proper recipient of the payments at issue. Sun Life has alleged, and Settlement Funding has admitted in its answer, that Nichols agreed to sell to Settlement Funding her rights, title and interest in, to and under the Annuity. Nichols, however, informed Sun Life that she believed she was entitled to receive all of the payments due under the Annuity, writing to Sun Life on November 9, 2011 that she "did not sign anything stating that money should be going elsewhere." The court finds that there is an actual, justiciable controversy between Settlement Funding and Nichols as to their respective rights to the payments at issue.

Third, no equitable concerns prevent the use of interpleader in this case. "When the court decides that interpleader is available . . . it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead . . . ." *High Tech. Prods. Inc.,* 497 F.3d at 641. Here, Sun Life disclaims any

interest in the payments at issue and acknowledges that such payments will be made to whichever party the court so directs. Accordingly, the court finds that Sun Life is entitled to the interpleader relief sought here.

B.     **Default Judgment Against Nichols**

FRCP 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default was entered against Nichols by the Clerk on July 13, 2012. "The effect of an entry of default, if not set aside, is to establish the liability of the defaulting party as a basis for default judgment. After defaulting, a party has no right to dispute the issue of liability. On a motion for default judgment, the well-pleaded facts in the complaint relating to liability are taken as true." 10 *Moore's Federal Practice* at § 55.32[1][a] (3d Ed.). Here, Sun Life has set forth well-pleaded allegations demonstrating its entitlement to the interpleader relief sought. Because default has been entered against Nichols by the Clerk, the court finds that Sun Life is entitled to a default judgment against Nichols for all of the relief sought in its complaint.

C.     **Judgment as to Settlement Funding**

FRCP 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Defendant Settlement Funding has admitted each of Sun Life's factual allegations, and agrees that Sun Life is entitled to interpleader relief. Thus, the court finds that there is no genuine issue of material fact at issue and that Sun

-8-

Life is entitled to judgment as a matter of law to the relief sought as to Settlement Funding and Structured Receivables.

Moreover, the documents submitted by the parties establish that Nichols executed assignments and stipulations assigning all of her rights to the monthly payments under the Annuity contract to Settlement Funding. Nichols' signature to the assignments and stipulations was notarized and has not been challenged. Accordingly, the court finds that Settlement Funding has established its right, as a matter of law, to receipt of the payments under Annuity Contract No. KA00479959-02A. Sun Life is directed to make the monthly payments of $480.12 for November and December 2011, and monthly payments of $1,030.12 starting on January 15, 2012, through August 15, 2024 to Settlement Funding.

**D.**          **Sun Life's Request for an Award of Costs and Attorneys' Fees**

In its response, defendant Settlement Funding states it does not object to an award of reasonable attorneys' fees to Sun Life. The general federal rule is that a "mere stakeholder" plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees and costs. *Brown v. Metropolitan Life Ins. Co.*, 2003 WL 21938768 at *1 (E.D.Tenn. Jun. 12, 2003). The only limiting principle is reasonableness, and it is at the discretion of the court to determine what award is appropriate. *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005).

Here, the record shows that in November 2010, Sun Life was presented with conflicting claims to the payments under the Annuity, which amount to over $158,000. For over a year, Sun Life made efforts to resolve these competing claims with defendants prior to commencing litigation, but its efforts were unsuccessful. Sun Life brought the instant action in an effort to determine the rightful recipient of the annuity payments and to avoid multiple liability for said payments. Sun Life admits that it is a disinterested stakeholder in this dispute and concedes its obligation to make the annuity payments to whomever the court directs. Sun Life was required to incur attorneys' fees and costs in bringing this interpleader action. Sun Life was required to review the various purported purchase agreements between Nichols and Settlement Funding in connection with drafting its interpleader complaint. Additionally, Sun Life was forced to make extraordinary efforts to serve Nichols with the complaint, which included investigation of public records in an attempt to locate a current address for Nichols. Although Sun Life uncovered five potential addresses for Nichols, attempts at service at these address were all unsuccessful. Sun Life was forced to expend additional expenses briefing a motion for service by publication. Following service by publication, Sun Life was next required to draft and file an application for entry of default against Nichols. Finally, Sun Life was required to research and draft the instant motion for judgment on the pleadings. Therefore, the court finds that Sun Life should be awarded its reasonable attorneys' fees and costs, as established by the affidavits of James T. Williams ($5,941.16), and John M. Bloor ($14,766.50) attached to its motion for default judgment. The court finds that the attorneys' fees and costs sought are reasonable in the context of this case.

### III. Conclusion

For the foregoing reasons, the court finds Sun Life's motion for judgment [Doc. 16] well taken and it is hereby **GRANTED. IT IS FURTHER ORDERED**

1. Default judgment is entered against Lynne A. Nichols.

2. Judgment on the pleadings is entered as to Structured Receivables Finance #4, LLC and Settlement Funding LLC.

3. Sun Life is **DIRECTED** to make all remaining payments under the Annuity contract to Structured Receivables #4 LLC as follows: Sun Life is directed to make the monthly payments of $480.12 for November and December 2011, and monthly payments of $1,030.12 starting on January 15, 2012, through August 15, 2024 to Structured Receivables #4 LLC.

4. Sun Life is awarded attorneys' fees and costs in the amount of $20,707.66 which shall be paid from the annuity payments held by Sun Life.

5. The trial scheduled for July 29, 2014 is **CANCELLED.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge