IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:12-CV-27 |
| LYNNE A. NICHOLS, STRUCTURES RECEIVABLES FINANCE #4, LLC, and SETTLEMENT FUNDING, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Before the court for consideration is the "Motion to Reconsider and Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" [doc. 20] filed by defendants, Structured Receivables Finance #4, LLC and Settlement Funding LLC (Collectively "Settlement Funding"). Plaintiff, Sun Life Assurance Company of Canada (U.S.) ("Sun Life"), has filed a response [doc. 22].[1]

Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be denied.

---

[1] This civil action was reassigned to the undersigned by order entered on November 22, 2013 [doc. 23].

I.

*Background*

This interpleader action arose from a dispute between Settlement Funding and defendant Lynne Nichols concerning who should receive payments from an annuity policy issued by Sun Life with Nichols as the designated payee. Sun Life had copies of assignments of the annuity payments by Nichols to Settlement Funding. Sun Life also had received from Nichols a handwritten letter stating that she had not executed any assignment of her benefits. The dispute could not be resolved, and this interpleader action was filed on January 20, 2012. Nichols was eventually served via publication.

On November 20, 2012, Sun Life filed the "Motion of Plaintiff Sun Life Assurance Company of Canada (U.S.) for Default Judgment, Judgment on the Pleadings, and Discharge" [doc. 16]. In addition to seeking the specific relief requested in the interpleader complaint, Sun Life moved the court to award it "reasonable costs and attorneys' fees in the amounts described in its contemporaneously filed affidavits." Sun Life provided with its motion two affidavits in support of its claim for attorneys' fees: the affidavit of John M. Bloor of the law firm of Drinker Biddle & Reath LLP and the affidavit of James T. Williams of the law firm of Miller & Martin PLLC.

In his affidavit, Attorney Bloor sets out the requirements of the case and the services provided to Sun Life to meet those requirements. The affidavit states that Sun Life incurred attorneys' fees from Drinker Biddle in the amount of $14,766.50 and that additional

2

fees were incurred by the Miller & Martin firm. Paragraph 6 of the Bloor affidavit states:

> I am familiar with the fair, reasonable, usual, and customary attorneys' fees applicable in cases of this nature, and the fees and costs incurred in this case represents (sic) a fair, reasonable, usual, and customary charge for attorneys' fees and costs for the necessary legal services, detailed above, that were provided to Sun Life in the matter.

The affidavit of Attorney Williams also sets out the requirements of the case and the services provided by his firm to meet those requirements. His affidavit states that Sun Life incurred costs and attorneys' fees from Miller & Martin in the amount of $5,941.16. Paragraph 6 of the Williams affidavit states:

> I am familiar with the fair, reasonable, usual, and customary attorneys' fees applicable in cases of this nature, and $5,941.16 represents a fair, reasonable, usual, and customary charge for attorneys' fees and costs for the necessary legal services provided by Miller & Martin PLLC to Sun Life herein.

In the response to Sun Life's motion, which consisted of only one paragraph, Settlement Funding stated, "Settlement Funding does not object to the discharge of Sun Life from this litigation or an award of reasonable attorney's fees according to law."

On April 26, 2013, the court entered a memorandum opinion [doc. 18] and judgment order [doc. 19] that granted Sun Life's motion, including the award of attorneys' fees and costs as set out in the affidavits of John Bloor and James Williams. The court noted in the memorandum opinion that "[d]efendants further state that they do not object to an award of reasonable attorneys' fees to Sun Life." Also in the memorandum opinion, the court set out what the case entailed and what Sun Life was required to do to resolve the

3

issues in the case. The court then found as follows:

> Therefore, the court finds that Sun Life should be awarded its reasonable attorneys' fees and costs, as established by the affidavits of James T. Williams ($5,941.16), and John M. Bloor ($14,766.50) attached to its motion for default judgment. *The court finds that the attorneys' fees and costs sought are reasonable in the context of this case*. (Emphasis added).

Thus, the total amount of attorneys' fees and costs awarded was $20,707.66. Settlement Funding filed the motion that is now before the court on May 10, 2013, which asks the court to reconsider and eliminate the award of attorneys' fees to Sun Life.

## II.

*Standard of Review*

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend a judgment if they are filed within 28 days after entry of the judgment. However, "[s]uch a motion is extraordinary and is seldom granted 'because it contradicts notions of finality and repose.'" *Rister v. Wisely*, No. 3:12-cv-00725, 2013 WL 2251108, at *2 (N.D. Ohio May 22, 2013) (quoting *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011)); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."). A district court has considerable discretion in granting or denying a motion under Rule 59(e), and such a decision is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th

4

Cir. 1982) (citations omitted).

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks and citation omitted). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("Rule 59(e) motions are aimed at *re*consideration, not initial consideration.") (citations omitted) (emphasis in original). "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). Additionally, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citations omitted).

III.

*Analysis*

Sun Life argues that Settlement Funding avoids presenting the bases for relief under Rule 59(e) because it cannot meet the substantial burden required under the Rule.

5

Other than in the title of its motion and supporting memorandum, Settlement Funding makes no reference whatsoever to Rule 59(e) and the standards required for Rule 59(e) relief. Settlement Funding's only argument in support of its motion is that Sun Life failed to establish the reasonableness of its attorney's fee request, and this contention is based primarily upon alleged deficiencies in the supporting affidavits. However, Settlement Funding makes no argument explaining how Sun Life's failure to establish the reasonableness of its attorneys' fee request entitles it to relief under Rule 59(e). In fact, the motion completely lacks any legal argument or supporting authority related to Rule 59(e).

All of the arguments offered by Settlement Funding concerning the lack of reasonableness of the attorney's fee claim could have and should have been presented to the district court prior to its issuing the judgment awarding Sun Life its fee request. Settlement Funding complains that the Bloor and Williams affidavits do not identify the specific hours expended or the hourly rates charged and that the affidavits reflect duplicative work by the two law firms. The Bloor and Williams affidavits were provided with Sun Life's request for attorneys' fees that was made in its motion for judgment. In its response to that motion, Settlement Funding stated that it had no objection to Sun Life being awarded reasonable attorneys' fees and costs. Any objection to the amount of the fee request and the deficiencies in the affidavits as alleged by Settlement Funding should have been raised in its response, not after the court relied on the affidavits and Settlement Funding's lack of objection to them. Rule 59(e) does not permit parties to present legal arguments for the first time that could

6

have and should have been raised to the district court. *Engler*, 146 F.3d at 374; *see also World Univ. Inc.*, 978 F.2d at 16.

Nothing presented by Settlement Funding demonstrates a manifest error of law or presents newly discovered evidence. Settlement Funding is simply attempting to re-argue or more appropriately to argue for the first time that Sun Life has not met its burden of establishing the reasonableness of its request for attorneys' fees. The purpose of Rule 59(e) is not for initial consideration; it is for reconsideration. *World Univ. Inc.*, 978 F.2d at 16. Further, in light of the circumstances before the district court at the time of its ruling – no objection to the attorneys' fee amount or supporting affidavits – there would be no clear error of law or manifest injustice for the court to proceed as it did. At no time prior to the district court's entry of judgment did Settlement Funding raise any objection to the amount of attorneys' fees requested or the sufficiency of the supporting affidavits. Thus, based upon the record before it, the district court found that "the attorneys' fees and costs sought are reasonable in the context of this case." Settlement Funding failed to assert its reasonableness arguments in a timely fashion to the district court, and the presentation of these arguments now does not meet the stringent requirements for Rule 59(e) relief. Accordingly, the court finds that Settlement Funding has failed to demonstrate any basis for relief under Rule 59(e), and therefore its motion will be denied.[2]

---

[2] Because in the court's opinion Settlement Funding has clearly failed to meet the standards for relief under Rule 59(e), the court does not need to reach Sun Life's remaining arguments for denial of the motion.

7

IV.

*Conclusion*

Accordingly, for the reasons discussed herein, Settlement Funding's "Motion to Reconsider and Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" will be denied. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge